UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
:
UNITED STATES OF AMERICA, :
:
Plaintiff, :
:
-against- :
: **REPORT AND**
CHARLES GRIFFIN, : **RECOMMENDATION**
: 19-cv-4821 (ERK) (PK)
Defendant. :
:
------------------------------------------------------------------------ X

**Peggy Kuo, United States Magistrate Judge:**

United States of America ("Plaintiff") commenced this action against Charles Griffin ("Defendant") under 26 U.S.C. § 7402 to reduce to judgment unpaid federal tax liabilities. (Compl. ¶ 1, Dkt. 1.) On referral from the Honorable Eric R. Komitee is Plaintiff's motion for default judgment (the "Motion"). (Dkt. 10.) For the reasons stated below, the undersigned respectfully recommends that the Motion be granted.

## BACKGROUND

The Complaint alleges that a delegate of the Secretary of the Treasury made assessments against Defendant for income taxes he failed to pay for the periods ending December 31, 2015 ("tax year 2015"), December 31, 2016 ("tax year 2016"), and December 31, 2017 ("tax year 2017"). (Compl. ¶ 3.) These assessments, which include penalties and interest, were made on October 17, 2016 for $102,212 (for tax year 2015), on November 20, 2017 for $84,918 (for tax year 2016), and on November 19, 2018 for $74,789 (for tax year 2017). (*Id.*) Despite being given notice of these liabilities and a demand for payment, Defendant failed, neglected, or refused to fully pay the liabilities. (*Id.* ¶¶ 4-5.) As of December 18, 2019, the Internal Revenue Service ("IRS") has

calculated Defendant's unpaid income tax liabilities for these three years, including accruals, to total $275,347.16.  (Ex. 1 to Motion, Declaration of Andrew Barone ("Barone Decl.") ¶ 3, Dkt. 10-1.)

Defendant was an owner and the President or Vice President of Federal Metal & Glass Corp. (the "Corporation"). (Compl. ¶ 6.)  By virtue of those positions, he was required to collect, truthfully account for, or pay over the employment taxes of the Corporation. (*Id.* ¶ 7.)  The Complaint alleges that he willfully failed to do so for several tax periods between 2003 and 2006. (*Id.* ¶¶ 8, 10.)  On March 29, 2007, the IRS sent a letter notifying Defendant of proposed assessments of trust fund recovery penalties against him for these tax periods. (*Id.* ¶ 9.)  On June 5, 2007, trust fund liability assessments were made against Defendant as follows:

| Tax Period Ending | Amount Assessed on June 5, 2007 |
| --- | --- |
| 03/31/2003 | $78,227.49 |
| 06/30/2003 | $105,250.47 |
| 12/31/2003 | $149,679.99 |
| 06/30/2004 | $78,878.98 |
| 09/30/2004 | $106,968.54 |
| 12/31/2004 | $149,897.85 |
| 03/31/2005 | $155,271.45 |
| 06/30/2005 | $159,058.40 |
| 09/30/2005 | $162,845.35 |
| 12/31/2005 | $166,632.79 |
| 03/31/2006 | $11,798.08 |

(*Id.* ¶ 10.)  These assessments represent the unpaid portion of the income and Federal Insurance Contribution Act ("FICA") taxes withheld from the wages of employees of the Corporation.  (*Id.*) Notice of these liabilities was given to Defendant and payment was demanded; however, Defendant failed, neglected, or refused to fully pay the liabilities.  (*Id.* ¶¶ 11-12.)  As of December 18, 2019, the IRS calculated Defendant's unpaid trust fund liabilities, including accruals, to be $2,193,560.06. (Barone Decl. ¶ 4.)

On May 5, 2006 Defendant filed for Chapter 11 bankruptcy, and on February 27, 2009 he

received a discharge order. (Compl. ¶ 13.)

Plaintiff brought this action on August 22, 2019. After service of the Complaint on Defendant through his spouse at his residence[1] on November 5, 2019 and by mail on November 6, 2019 (*see* Aff. of Serv., Dkt. 5), Defendant failed to answer or otherwise respond. Plaintiff obtained an entry of default on December 17, 2019. (Dkt. 9.) Plaintiff moved for default judgment on December 18, 2019. (Dkt. 10.)

## ANALYSIS

### I. Liability

When determining liability in a motion for default judgment, the Court accepts as true all well-pleaded allegations in the Complaint, drawing all reasonable inferences in favor of Plaintiff. *See Au Bon Pain Corp v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *see also Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The Court exercises significant discretion in deciding whether to grant a default judgment, including whether the grounds for default are clearly established and the amount of damages. *See GuideOne Specialty Mut. Ins. Co.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2009); *see also Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999).

The United States can bring an action in federal court to collect unpaid federal taxes. 26 U.S.C. §§ 7401, 7402(a); *U.S. v. Han*, No. 10-CV-888 (KAM), 2012 WL 526429, at *2 (E.D.N.Y. Feb. 16, 2012). Plaintiff has alleged pursuant to 26 U.S.C. § 6654 that Defendant failed to pay estimated taxes for tax years 2015, 2016, and 2017, and it accordingly assessed late-payment penalties under 26 U.S.C. § 6651, and interest under 26 U.S.C. §§ 6601, 6621, and 6622. A notice and demand

---

[1] *See* Fed. R. Civ. P. 4(e) ("Service upon an individual ... may be effected in any judicial district of the United States … by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein....").

for payment were made on Defendant for these amounts, but he has not fully paid. (Compl. ¶ 5.)

Pursuant to 26 U.S.C. § 6672, Plaintiff has also alleged that Defendant failed to fully pay the income and FICA taxes withheld from the Corporation's employees for the eleven tax periods ending March 31, 2003, June 30, 2003, December 31, 2003, June 30, 2004, September 30, 2004, December 31, 2004, March 31, 2005, June 30, 2005, September 30, 2005, December 31, 2005, and March 31, 2006. (*Id.* ¶ 10.) Plaintiff has alleged that by virtue of his position as an owner and executive of the Corporation, Defendant is a responsible person and liable under this provision. (*Id.* ¶¶ 6-7.) *See Beeler v. United States*, 894 F. Supp. 761, 773 (S.D.N.Y. 1995). Plaintiff made trust fund liability assessments which included the unpaid taxes and statutory interest. (Compl. ¶ 10.) Notice and demand for payment for these liabilities were made on Defendant, but he has not complied. (*Id.* ¶¶ 11-12.)

Accepting all these allegations as true, as required in a motion for default judgment, the undersigned finds that Defendant is liable for the outstanding amounts in the assessments made by Plaintiff. *See United States v. Washington*, No. 10-CV-2149 (BMC), 2010 WL 2654010, at *1 (E.D.N.Y. June 25, 2010) (awarding statutory accruals and interest in default judgment for failure to pay income tax).

## II. Timeliness

A ten-year statute of limitations on the collection of a tax begins to run on the date the tax is assessed. *See* 26 U.S.C. § 6502. However, this period is tolled during the pendency of a bankruptcy proceeding and suspended for six months thereafter. *See* 26 U.S.C. §§ 6502, 6503(h).

Defendant initiated bankruptcy proceedings on May 5, 2006 and received a discharge order on February 27, 2009. (Compl. ¶ 13.) The assessment regarding his trust fund liabilities was made on June 5, 2007, while the bankruptcy was pending. (*Id.* ¶ 10.) Therefore, Plaintiff had ten years and six months from the date Defendant was discharged from bankruptcy, *i.e.*, August 27, 2019, to

4

begin collection proceedings for these liabilities. The Complaint was filed on August 22, 2019.

Assessment of Defendant's tax liabilities for tax years 2015, 2016, and 2017 were conducted less than ten years before the Complaint was filed. *See U.S. v. Han*, 2012 WL 526429, at *3 (action brought within ten years of assessment was timely).

This action is therefore timely.

### III. Damages

While the allegations in the complaint of a motion for default judgment are deemed true, damages are not. *See Greyhound*, 973 F.2d at 158 ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). "A court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded." *U.S. v. Chesir*, No. 08-CV-2552 (ENV)(SMG), 2011 WL 3040536, at *3 (E.D.N.Y. June 27, 2011), *report and recommendation adopted*, 2011 WL 3104392 (E.D.N.Y. July 25, 2011).

Plaintiff has submitted a sworn declaration by IRS Revenue Advisor Andrew Barone who reviewed IRS records showing unpaid balances of Defendant's tax and trust fund liabilities, which include tax payments owed plus interest and penalties. (*See* Barone Decl.) Such assessments are presumed accurate. *See United States v. McCombs*, 30 F.3d 310, 318 (2d Cir. 1994) ("In general, a government tax assessment is entitled to a presumption of correctness."); *Washington*, 2010 WL 2654010, at *1. The taxpayer bears the burden of challenging the assessment. *See McCombs*, 30 F.3d at 318. Defendant has not done so.

In the absence of rebuttal evidence from Defendant, the undersigned finds that the amounts of tax deficiencies, interest and penalties asserted by Plaintiff are presumed to be correct. *See U.S. v. Han*, 2012 WL 526429, at *2.

According to the IRS records, as of December 18, 2019, Defendant owes unpaid income tax

5

and accruals under 26 U.S.C. § 6654 in the amount of **$275,347.16** as follows: $58,702.80 for tax year 2015, $120,490.87 for tax year 2016, and $96,153.49 for tax year 2017. (Motion ¶ 7; Barone Decl. ¶ 3.) He also owes unpaid trust fund liabilities and accruals under 26 U.S.C. § 6672 in the amount of **$2,193,560.06** as follows:

| Tax Period Ending | Balance Due as of December 18, 2019 |
|---|---|
| 03/31/2003 | $94,229.85 |
| 06/30/2003 | $177,291.73 |
| 12/31/2003 | $252,132.16 |
| 06/30/2004 | $132,869.62 |
| 09/30/2004 | $180,185.79 |
| 12/31/2004 | $252,499.12 |
| 03/31/2005 | $261,550.82 |
| 06/30/2005 | $267,929.82 |
| 09/30/2005 | $274,308.88 |
| 12/31/2005 | $280,688.70 |
| 03/31/2006 | $19,873.57 |

(Motion ¶ 7; Barone Decl. ¶ 4.)

Interest on the underpayment or nonpayment of a tax is mandatory until the amount is paid:

> If any amount of tax imposed by this title (whether required to be shown on a return, or to be paid by stamp or by some other method) is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid.

26 U.S.C. § 6601. Furthermore, 26 U.S.C. § 6621 sets the interest rate at the Federal short-term rate plus 3 percentage points, and 26 U.S.C. § 6622 requires daily compounding.

Accordingly, the undersigned finds that statutory interest on the unpaid liabilities and accruals shall continue to accrue at the statutory rate from December 19, 2019 until the date the taxes are paid.

## **CONCLUSION**

Based on the foregoing, the undersigned respectfully recommends that the Motion be

6

granted and judgment be entered in favor of Plaintiff and against Defendant in the total amount of **$2,468,907.22** plus interest accruing from December 19, 2019 until the date the judgment is paid in full.

Plaintiff is directed to serve this Report and Recommendation on Defendant and file proof of service on the docket by **September 18, 2020.** Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

        **SO ORDERED:**

*Peggy Kuo*

        PEGGY KUO
        United States Magistrate Judge

Dated:   Brooklyn, New York
           September 15, 2020